ACCEPTED
07-15-00253-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
10/29/2015 6:55:43 AM
Vivian Long, Clerk

**CASE NO. 07-15-00253-CR**

**IN THE COURT OF APPEALS**
**FOR THE SEVENTH DISTRICT OF TEXAS**
**AMARILLO, TEXAS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/29/2015 6:55:43 AM
VIVIAN LONG
CLERK

**DEREK KYLE AUVENSHINE**

**APPELLANT**

**V.**

**THE STATE OF TEXAS**

**APPELLEE**

Appealed from the 415TH Judicial District Court in Parker County, Texas
CAUSE NO. CR14-0088

**APPELLANT'S BRIEF**

No oral argument requested.

Companion Cases:  07-15-00251-CR; 07-15-00254-CR; 07-15-00255-CR

Brandy Oliphint
SBN:  24034608
1712 Santa Fe Dr.
Weatherford, Texas 76086
Telephone:  817-341-7471
Facsimile:  817-599-5909
e-mail:  brandy@oliphintlaw.com
Attorney for Derek Kyle Auvenshine

# IDENTITY OF THE PARTIES AND COUNSEL

I hereby certify that the following listed persons or entities have rights which may be adversely affected by the outcome of this appeal in this Court so that the Justices of this Court may review the same to determine the need for recusal or disqualification, if necessary herein.

| | |
|---|---|
| Appellant | Mr. Derek Kyle Auvenshine<br>TDCJ # 02003998<br>Joe F. Gurney Unit<br>1385 FM 3328<br>Tennessee Colony, TX 75803<br>Telephone: (903) 928-3118 (**094) |
| Appellate Counsel for Appellant | Ms. Brandy Oliphint<br>Attorney At Law<br>Texas Bar No. 24034608<br>1712 Santa Fe Dr.<br>Weatherford, Texas 76086<br>Telephone: (817) 341-7471<br>Facsimile: (817) 599-5909<br>Electronic Mail: brandy@oliphintlaw.com |
| Trial Counsel for Appellant | Mr. T. Richard Alley<br>Texas Bar No. 01078010<br>108 Main Street<br>Fort Worth, TX 76102<br>Telephone: (817) 888-2980<br>Facsimile: (817) 341-1536<br>Electronic Mail: agmmlaw@aol.com |

| | |
|---|---|
| Appellate Counsel for<br>The State of Texas | Mr. Don Schnebly<br>Parker County District Attorney<br>Texas Bar No. 17782700<br>Mr. Edward Lewallen<br>Texas Bar No. 00791105<br>Parker County District Court Bldg., Second Floor<br>117 Fort Worth Hwy.<br>Weatherford, Texas 76086<br>Telephone:  (817) 598-6124<br>Facsimile:  (817) 599-7628<br>Electronic Mail:<br>edward.lewallen@parkercountytx.com |
| Trial Counsel for<br>The State of Texas | Mr. Don Schnebly<br>Parker County District Attorney<br>Texas Bar No. 17782700<br>Ms. Abigail Placke<br>Assistant District Attorney<br>Texas Bar No. 24032882<br>Electronic Mail:<br>abigail.placke@parkercountytx.com<br>Mr. Robert S. DuBoise<br>Assistant District Attorney<br>Texas Bar No. 00783990<br>Electronic Mail:<br>robert.duboise@parkercountytx.com<br>117 Fort Worth Hwy.<br>Weatherford, Texas 76086<br>Telephone:  (817) 598-6124<br>Facsimile:  (817) 599-7628 |
| Trial Court Judge | The Honorable Judge David Cleveland, Presiding<br>415th Judicial District Court<br>117 Fort Worth Hwy.<br>Weatherford, Texas 76086<br>Telephone: (817) 598-6162<br>Facsimile:  (817) 598-6161<br>Electronic Mail:<br>sheila.scruggs@parkercountytx.com |

# TABLE OF CONTENTS

Identity of the Parties and Counsel ....................................... ii

Table of Contents ....................................... iv

Index of Authorities ....................................... v

Statement of the Case ....................................... 1

Issue Presented ....................................... 1

Statement of Facts ....................................... 2

Summary of the Argument ....................................... 14

Argument ....................................... 14

Prayer ....................................... 21

Certificate of Service ....................................... 22

Certificate of Compliance ....................................... 22

Appendix A:  Judgment of Conviction by Jury ....................................... Tab A

Appendix B:  Court's Charge ....................................... Tab B

Appendix C:  Indictment ....................................... Tab C

Appendix D:  State's Motion for Leave to Amend Indictment and Order granting ....................................... Tab D

* Appendices were created by exporting from the original clerk's record and converted to searchable .pdf documents which may have resulted in a change in formatting from the original.

# INDEX OF AUTHORITIES

## Cases

*Bates v. State*, 155 S.W.3d 212, 216-17 (Tex. App.—Dallas 2004, no pet.). *citing* 16

    *Young v. State*, 752 S.W.2d 137, 140 (Tex.App.-Dallas 1988, pet. ref'd).

*Brooks v. State of Texas*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., 20

    concurring).

*Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995). 16

*Davis v. State*, 93 S.W.3d 664, 667 (Tex.App.-Texarkana 2002, pet. ref'd). 16

*Dixon v. State*, 918 S.W.2d 678, 681 (Tex.App.-Beaumont 1996, no pet.); 17

*Evans v. State*, 202 S.W.3d 402, 405-406 (Tex. Crim. App. 2005). 15

*Jackson v. Virginia*, 443 U.S. 307, 313 (1979) 14

*Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) 14

*Wallace v. State*, 932 S.W.2d 519, 524 (Tex.App.-Tyler 1995, pet. ref'd). 17

*Watson v. State*, 861 S.W.2d 410, 414-15 (Tex.App.-Beaumont 1993, pet. ref'd). 17

## Statutes

Tex. Penal Code §46.04(a)(1) 14

Tex. Penal Code §6.01(a) 15

Tex. Penal Code §1.07(a)(39) 15

Tex. Penal Code §6.01(b) 15

## STATEMENT OF THE CASE

Derek Kyle Auvenshine (hereinafter referred to as "Appellant") was indicted of intentionally or knowingly possessing a firearm after the fifth anniversary of Appellant's release from incarceration other than the premises at which the Appellant lived by a grand jury on or about February 20, 2014.[1] This case was consolidated for trial with cases numbered CR14-0087, CR14-0089 and CR15-0236[2] which are on appeal as companion cases numbered 07-15-00251-CR, 07-15-00254-CR and 07-15-00255 respectively. Following a jury trial, Appellant was convicted in each case on May 29, 2015.[3] At the punishment phase of Appellant's trial, Appellant entered a plea of true to the enhancements contained in each case.[4] The jury sentenced Appellant to 27 years in the Institutional Division, Texas Department of Criminal Justice.[5]

## ISSUE PRESENTED

The trial court erred in denying Appellant's motion for directed verdict. Appellant challenges the sufficiency of the evidence to establish that Appellant possessed a firearm.

---

[1] 1 CR 7
[2] 1 CR 27
[3] 1 CR 101, 105
[4] 6 RR 11, ll. 13-25; 1 CR 111
[5] 6 RR 83, ll. 2-25; 1CR 111

## STATEMENT OF FACTS

On or about January 14, 2014, members of the White Settlement Police Department received information that a parole violator, Adam Crooks, would be at a house on Perry Drive in the City of White Settlement, Tarrant County, Texas with a green Jeep Cherokee.[6] Officers of the White Settlement Police Department then gathered for the purpose of apprehending Adam Crooks.[7] A photograph and description of Adam Crooks was made available to the officers.[8] The officers were additionally made aware that Adam Crooks was known to flee from officers whether on foot or in a vehicle.[9]

When the green Jeep Cherokee vehicle left the house on Perry, the vehicle travelled past Officer Ross.[10] Officer Ross indicated there were two occupants of the vehicle[11] and positively identified the driver of the vehicle as Adam Crooks over the radio.[12] Officer Ross testified he activated his patrol unit's lights to initiate a traffic stop for the purpose of arresting Adam Crooks.[13] The vehicle

---

[6] 3 RR 27, ll. 4-12; 80, ll. 12-24; 108, l. 19-109, l. 3; 109, ll. 18-21; 175, ll. 20-23; 176, ll. 5-7; 208, l. 21-209, l. 1
[7] 3 RR 32, ll. 11-15, 40, ll. 9-10, 209, l. 21 – 210, l. 7; 4 RR 13, ll. 11-16
[8] 3 RR 37, 6-9, 80, l. 25 – 81, l. 4, 113, ll. 20-22, 175, ll. 3-8
[9] 3 RR 37, ll. 17-22, 117, ll. 6-8, 176, ll. 8-16, 22-25, 201, ll. 3-7; 4 RR 31, ll. 1-10
[10] 3 RR 112 ll. 23-25
[11] 3 RR 113, 12-15
[12] 3 RR 175, ll. 9-15; 194, l. 12; 4 RR 30, ll. 17-25, 51, ll. 10-15; *see* State's Exhibit No. 6 at :050.
[13] 3 RR 114, ll. 4-8, ll. 13-9, 115, ll. 5-6

failed to yield[14] and a pursuit of the vehicle ensued.[15] Officer Ross was joined by three additional marked City of White Settlement Police Department patrol units and an unmarked vehicle.[16]

During the pursuit, the Jeep Cherokee came to a stop. Officer Ross exited his vehicle and shot at the Jeep Cherokee with his Department issued AR-15, also known as an M4 rifle, nine times striking the Jeep Cherokee.[17] The vehicle was then able to continue moving.[18] The pursuit ended when the vehicle flipped and landed on its side on FM 3325 in Parker County, Texas.[19]

One person, identified as Adam Crooks, was located inside the Jeep Cherokee, removed from the vehicle and arrested.[20]

A second person later identified as the Appellant[21], exited the vehicle through the upturned driver's door window.[22] Appellant ran away from officers through a barbed wire fence and was continuing to run away from officers up a hill

---

[14] 3 RR 115, ll. 7-12
[15] 3 RR 118, ll. 17-22
[16] 3 RR 58, ll. 7-12; 4 RR 26, ll. 6-15
[17] 3 RR 72, ll. 12-14, 73, l. 22 – 74, l. 3, 126, l. 23-127, l. 3, 143, l. 19 – 147, l. 14, 154, ll. 3-13,
[18] 3 RR 127, ll. 10-18, 153, ll. 7-15; 4 RR 8-10
[19] 3 RR 27, l. 25 – 28, l. 4,45, ll. 11-13, 128, ll. 21-24, 129, ll. 2-6, 139, ll. 15-18, 261, ll. 13-15; 4 RR 100, ll. 7-11, 162, ll. 22-25; *see* State's Exhibit No. 4
[20] 3 RR 48, l. 24 – 49, l. 8, 132, l. 24 – 133, l. 3
[21] 3 RR 265, ll. 15-24, 4 RR 135, ll. 2-14, *see* State's Exhibit No. 98
[22] 3 RR 46, ll. 21-24, 129, ll. 20-23, 130, ll. 9-13, 261, l. 23-262, l. 7, 4 RR 35, ll. 2-6

when he was shot by Officer Ross and fell to the ground.[23] Appellant was transported to John Peter Smith Hospital where White Settlement Police Officer Joseph Anthony retrieved Appellant's property from a nurse.[24]

No firearm was recovered from Appellant's person or from the area where Appellant fell.[25] A gun was located inside the Jeep Cherokee in which Appellant was one of the two occupants.[26]

Appellant was indicted in this case of intentionally or knowingly possessing a firearm after the fifth anniversary of Appellant's release from incarceration other than the premises at which the Appellant lived by a grand jury on or about February 20, 2014.[27] This case was consolidated for trial[28] with cases numbered CR14-0087 alleging aggravated assault against a public servant, CR14-0089 alleging aggravated assault against a public servant, and CR15-0236 alleging evading arrest or detention with a vehicle which are on appeal as companion cases numbered 07-15-00251-CR, 07-15-00254-CR and 07-15-00255 respectively. On May 8, 2015, the State's Motion to Amend the indictment was granted and the

---

[23] 3 RR 47, ll. 2-5, 48, ll. 11-14, 69, ll. 4-7, 12-18, 73, l. 24- 74, l. 3, 74, ll. 17-24, 131, ll. 1-10, 223, ll. 17-18; 4 RR 40, ll. 15-20
[24] 4 RR 129, l. 1 – 130, l. 3.
[25] 3 RR 6-9, 250, ll. 19-25; 4 RR 169, ll. 4-10
[26] 3 RR 94, ll. 5-7, 240, ll. 2-6, 4 RR 80, ll. 1-2, 92, ll. 15-16, 197, ll. 14-19,
[27] 1 CR 7
[28] 1 CR 27

enhancement paragraphs were replaced and the language "Felony Enhancement One" was crossed out of the indictment.

The cases were called for jury trial on May 26, 2015.

The State called Adam Crooks, as the only other occupant of the vehicle, to testify in regard to which of the two occupants in the vehicle (1) was driving the vehicle; and (2) possessed the firearm. Adam Crooks testified (1) that Adam Crooks was not the driver[29]; and (2) that Adam Crooks saw Appellant had a gun while in White Settlement, but did not see Appellant with a gun after the beginning of the events.[30] Under direct examination by the State's attorney, Adam Crooks additionally testified as follows:

> Q. Did you notice when Mr. Auvenshine, when he was in the driver's seat and you're in the passenger, that he reached his arm across you and pointed a gun at the officer that was outside your window?
>
> A. I don't really remember that.
>
>      \* \* \*
>
> Q. When Mr. Auvenshine drove that vehicle and it kind of spun around …was that when you saw him holding that gun at that officer?
>
> A. I never even seen that.[31]

---

[29] 3 RR 90, ll. 17-19
[30] 3 RR 100, l. 17 – 101, l. 3
[31] 3 RR 99, l. 24 – 100, l. 1, 8-16

In addition to Adam Crooks, the State presented testimony from Sergeant Tim Denison, Officer William Ross, Corporal Josh Dacus, and Sergeant Roger Yount of the White Settlement Police Department.

Sergeant Denison testified that he could tell there were two occupants in the vehicle, but could not see who was in side.[32] Sergeant Dennison also testified that no time did he see a weapon in the possession of either of the people in the vehicle during the time that he was able to observe them[33] and did not observe anyone in the vehicle discharge a weapon toward or at the officers.[34]

Officer Ross testified that when the Jeep Cherokee spun out and first came to a stop[35], he could see "the driver of the vehicle came across his body with his right hand and put a pistol out the window pointed directly at me"[36] from inside Officer Ross's vehicle.[37] Officer Ross further testified, "I thought the weapon had been fired."[38] Officer Ross described the gun as "a black semiautomatic handgun."[39] When asked if he got a good look at the driver that day, Officer Ross responded, "I don't recall."[40] Officer Ross further testified that he "saw what [he]

---

[32] 3 RR 37, ll. 4-5
[33] 3 RR 76, ll. 10-13
[34] 3 RR 76, ll. 7-9
[35] 3 RR 192, ll. 2-5
[36] 3 RR 124, ll. 11-13
[37] 3 RR 192, ll. 6-8
[38] 3 RR 125, l. 4
[39] 3 RR 126, ll. 3-9
[40] 3 RR 126, ll. 10-12

believed to be the driver jump out of the vehicle"[41] and he did not see a gun in the hand of the person who climbed out of the vehicle.[42] Officer Ross testified that the video recording equipment in his unit was not working[43] and there is no recorded radio traffic or in-car video from his unit corroborating the presence of a gun.[44] Following the apprehension of Appellant and Adam Crooks, Officer Ross testified that he was contacted by Texas Ranger Bradford who was conducting an investigation into the incident.[45] On the advice of counsel, Officer Ross provided Ranger Bradford with a written statement which was typed by Officer Ross's attorney and reviewed and signed by Officer Ross.[46] Officer Ross's written statement was admitted as Defense Exhibit No. 3.[47]

Corporal Dacus testified that he noticed a handgun come out of the driver's side window of the Jeep Cherokee.[48] Corporal Dacus said that from inside his patrol unit he saw the driver of Jeep Cherokee, who was inside his vehicle, point a gun at Officer Ross and then move to point the gun at him.[49] Corporal Dacus later clarified his statement in response to the Assistant District Attorney's question "Did you see him point the gun at Officer Ross?" by testifying "I saw the gun

---

[41] 3 RR 129, ll. 7-8, 22-23
[42] 3 RR 135, ll. 22-25
[43] 3 RR 187, ll. 14-17
[44] 3 RR 199, l. 17 – 200, l. 2
[45] 3 RR 141, ll. 17-20
[46] 3 RR 142, l. 15- 143, l. 3
[47] 3 RR 144, l. 25 – 145, l. 6
[48] 3 RR 215, ll. 2-7
[49] 3 RR 215, l. 19 – 216, l. 6

pointed at Officer Ross's vehicle."[50] Corporal Dacus testified he then stepped out of his vehicle and was able to identify Adam Crooks and noted that Adam Crooks "was in the passenger seat and not driving at that point".[51] Corporal Dacus further testified that he saw the movement of the finger on the trigger of the gun, but the gun didn't fire[52] and then the gun went down into the person's lap.[53] Corporal Dacus acknowledge that, in his written statement, he stated he saw Appellant firing a black-in-color semiautomatic handgun out of the driver window at Officer Ross just prior to Corporal Dacus's vehicle colliding with the Jeep Cherokee.[54] Corporal Dacus described the gun as a black semiautomatic handgun.[55] While watching the video recorded on his in-car recording equipment (marked State's Exhibit number 7[56]), Corporal Dacus indicates that the "black spot" visible on the video is the handgun.[57] Corporal Dacus further testified that it is his voice heard on the video stating, "Driver has a gun. Driver has a gun."[58] In testimony, Corporal Dacus acknowledges that the gun and persons inside the vehicle are not visible on the video because the windshield looks black[59] and the sound of shots fired from the

---

[50] 3 RR 228, ll. 14-16
[51] 3 RR 216, ll. 18-19
[52] 3 RR 216, l. 25 – 217, l. 9
[53] 3 RR 217, ll. 19-23
[54] 3 RR 234, l. 18 – 235, l. 9
[55] 3 RR 219, ll. 20-23
[56] 3 RR 213, ll. 12-24
[57] 3 RR 220, ll. 10 - 23
[58] 3 RR 222, ll. 10 - 13
[59] 3 RR 237, l. 22 – 239, l. 10

handgun cannot be heard on the video.[60] Corporal Dacus further acknowledged that the gun found inside the vehicle had not been fired and his written statement was not accurate.[61] Corporal Dacus testified that he could hear two separate incidents of shots being fired coming, not from the Jeep Cherokee, but presumably from another officer.[62] Corporal Dacus testified that he did not see any kind of weapon in Appellant's hands or on his body when he was apprehended and there was no weapon of any kind removed from the general area around which we was taken into custody.[63]

Sergeant Yount testified that he was not able to see the driver of the vehicle.[64] Sergeant Yount testified that he was familiar with Adam Crooks's history of running from the police, being in possession of drugs, doing some violence, having weapons and the pursuit was just like what the White Settlement Police Department had dealt with before with Adam Crooks.[65] Sergeant Yount further testified that he saw a person climb out of the vehicle, fall to the ground and take off running.[66] Sergeant Yount testified that he did not see any weapons in the

---

[60] 3 RR 241, ll. 14-25
[61] 3 RR 240, ll. 2-21
[62] 3 RR 242, ll. 4-22
[63] 3 RR 250, ll. 19-25
[64] 4 RR 21, ll. 10-12
[65] 4 RR 31, ll. 1-10
[66] 4 RR 35, ll. 10-14

possession of the person[67], did not see anything discarded by him, and didn't find anything in the area where Appellant was apprehended.[68] Sergeant Yount further testified that he did not find any drug paraphernalia on Appellant.[69] When asked about the appearance of Adam Crooks and Appellant, Sergeant Yount testified, "[Adam Crooks] is shorter from Mr. Auvenshine. Other than that, I can't say there's a whole lot of distinctive difference."[70]

The State called Heather Casey, Crime Scene Investigator with the Parker County Sheriff's Office[71] who testified that the following items were located inside the Jeep Cherokee: (1) firearm[72]; (2) two magazine clips[73]; (3) methamphetamine pipe[74]; (4) butane lighter and spoon symbolizing drug use[75]; (5) box of 9 mm ammo[76]; (6) three 9 mm live rounds[77]; (7) four .38 special rounds[78]; and (8) a gun case[79]. Ms. Casey described the firearm found inside the vehicle as majority tan in color.[80] Ms. Casey testified that there were no fired ammunition cartridges found

[67] 4 RR 35, ll. 20-23
[68] 4 RR 43, l. 13 – 44, l. 6
[69] 4 RR 7-9
[70] 4 RR 53, ll. 19-23
[71] 4 RR 96, ll. 12-18
[72] 4 RR 80, l. 1-81, l. 7, 82, ll. 15-18; see State's Exhibit No. 87
[73] 4 RR 83. L. 9-84, l. 20; see State's Exhibit No. 88
[74] 4 RR 88, ll. 20-24, 90, ll. 15-18, see State's Exhibit No.89
[75] 4 RR 89, ll. 6-4; see State's Exhibit No.74
[76] 4 RR 90, l. 23 – 91, l. 4; see State's Exhibit No. 90
[77] 4 RR 91, ll. 8-11; see State's Exhibit No. 91
[78] 4 RR 91, ll. 20-23; see State's Exhibit No. 92
[79] 4 RR 92, ll. 15-20; see State's Exhibit No. 93
[80] 4 RR 117, ll. 2-8, see State's Exhibit Nos. 40-42

inside the vehicle and that she did not recall seeing any ammunition in the vehicle which looked like the hammer had struck the primer causing an indent.[81] Ms. Casey further testified she observed large bullet holes in the body of the vehicle and the only spent cartridges recovered from the scene were all of a .223 caliber.[82]

Jamie Becker, senior criminalist in the firearm and toolmark section of the Tarrant County Medical Examiner's Office[83] testified that she conducted tests on the firearm along with the ammunition contained in a magazine submitted to her consisting of State's Exhibits Nos. 87, 94, 95 and 96[84]. The items consist of the box with the handgun found in the vehicle, an envelope containing 9 mm caliber ammunition from the handgun chamber, 15 live rounds from the handgun magazine and the magazine from the handgun.[85] Ms. Becker determined that while the .380 caliber rounds will load into the firearm from the magazine and fire, it would fail to extract and eject.[86] Ms. Becker further testified that during her testing, every time she put a .380 round into the firearm, it would fire, but it would not extract or eject.[87] Ms. Becker testified that the ammunition did not look like it had an imperfection of the base of the cartridge where the primer would be…the

---

[81] 4 RR 111, l. 25 – 112, l. 16
[82] 4 RR 112, l. 21 – 113, l. 10
[83] 4 RR 207, ll 18-25
[84] 4 RR 211, l. 22- 212, l. 14
[85] *See* 1RR 25
[86] 4 RR 217, ll. 4-23, 218, ll. 14-18, see State's Exhibit No. 102
[87] 4 RR 219, ll. 13-17

read sealant looked intact[88], and she did not see any indication of misfires on the evidence submitted.[89] "The bullets fired without fail."[90]

Texas Ranger Anthony Bradford testified that he conducted an investigation, but never contacted Appellant.[91] Ranger Bradford did interview Adam Crooks who "in [Ranger Bradford's] opinion, he was likely under the influence of methamphetamine."[92] Ranger Bradford testified that he was not able to interview Officer Ross who indicated he wanted an attorney.[93] Officer Ross accompanied by his attorney met with Ranger Bradford three days after the incident[94] and then delivered a written statement on February 3, 2014.[95] Ranger Bradford testified that he had determined through his investigation that the only weapon fired during the incident was fired by Officer Ross[96] and according to all of the evidence seen by Ranger Bradford, Appellant did not fire or discharge a weapon at anyone, nor was there a weapon on or near his person where he was shot.[97]

After the State rested, trial counsel for Appellant made a motion for acquittal on the basis that the State failed to make a prima facie case against the Appellant in

---

[88] 4 RR 224, ll. 10 - 21
[89] 4 RR 220, ll. 18-25
[90] 4 RR 225, l. 7
[91] 4 RR 192, ll. 15-20
[92] 4 RR 193, ll. 16-20
[93] 4 RR 185, ll. 23-25
[94] 4 RR 186, ll. 3-15
[95] 4 RR 188, ll. 8-15; *See* Defense's Exhibit No. 3
[96] 4 RR 178, ll. 11-19
[97] 4 RR 202, ll. 19-25

each case.[98]  The motion was denied as to each case.[99]  The jury found Appellant "guilty" in each case on May 29, 2015.[100]

At the punishment phase of Appellant's trial, Appellant entered a plea of true to the enhancements contained in each case.[101]  The jury then sentenced Appellant to 27 years in the Institutional Division, Texas Department of Criminal Justice.[102]  On June 1, 2015, Appellant filed his Notice of Appeal with the trial court.[103]  Trial Counsel requested the Court Reporter's record be prepared and designated that "any and all exhibits of all parties and the Court…including the reporter's list of the same showing court activity thereon."[104]  On September 9, 2015, Appellant requested counsel be appointed for purposes of appeal[105] and the undersigned counsel was appointed.[106]  Counsel for Appellant filed a Motion for New Trial on and presented said Motion for New Trial to the trial court on June 23, 2015.[107]  Appellant's motion for new trial was overruled by operation of law.

---

[98] 4 RR 226, ll. 5-11
[99] 4 RR 226, ll. 10-11
[100] 1 CR 101, 105
[101] 6 RR 11, ll. 13-25; 1 CR 111
[102] 6 RR 83, ll. 2-25; 1CR 111
[103] 1 CR 115
[104] 1 CR 124, 125 par. 7.  It is undersigned counsel's understanding that the original of the video evidence admitted in the trial of this case is in the possession of the Parker County Clerk.
[105] 1CR 133
[106] 1 CR 137
[107] 1 CR 141

## SUMMARY OF THE ARGUMENT

The trial court erred in denying Appellant's motion for directed verdict. Appellant challenges the sufficiency of the evidence to establish that Appellant possessed a firearm. In assessing the sufficiency of the evidence, Appellant respectfully requests the Court of Appeals to find that when all the evidence is reviewed, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

## ARGUMENT

Appellant was indicted for the offense of unlawful possession of a firearm by a felon at premises other than his home. Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged.[108] In this case, the State was required to prove[109]:

1. A person
2. Who had been convicted of a felony
3. Possessed a firearm
4. After conviction and after the 5th anniversary of the later of
5. The person's release from
   a. Confinement following conviction of the felony, or
   b. Supervision under community supervision, parole, or mandatory supervision
6. At any location other than the premises at which the person lives.

---

[108] *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014).
[109] *See* Tex. Penal Code §46.04(a)(1)

Appellant challenges the sufficiency of the evidence to establish that Appellant possessed a firearm. A person commits an offense only if he voluntarily engages in conduct, including an act, or an omission, or possession.[110] "Possession" means actual care, custody, control or management.[111] Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.[112]

In this case, it cannot be shown that Appellant had exclusive possession of the firearm because the firearm was found inside the Jeep Cherokee which was occupied by both Appellant and Adam Crooks. This is a situation that most often occurs when a jury is called upon to determine whether a defendant possessed a controlled substance. It cannot be presumed that the appellant had possession over the controlled substance unless there are other independent facts or links that tend to connect appellant to the knowing possession of the controlled substance.[113] In cases involving unlawful possession of a firearm by a felon, the sufficiency of the evidence is analyzed under the rules adopted for determining the sufficiency of the

---

[110] Tex. Penal Code §6.01(a).
[111] Tex. Penal Code §1.07(a)(39).
[112] Tex. Penal Code §6.01(b).
[113] *Evans v. State*, 202 S.W.3d 402, 405-406 (Tex. Crim. App. 2005).

evidence in cases of unlawful possession of a controlled substance.[114] The State's evidence, which may be either direct or circumstantial, must establish the accused's connection with the firearm was more than just fortuitous.[115]

If the firearm is not found on the accused's person or is not in the exclusive possession of the accused, the evidence must affirmatively link the accused to the firearm.[116] Factors which may establish affirmative links include whether: (1) the contraband was in plain view; (2) the accused was the owner of the car in which the contraband was found; (3) the accused was the driver of the car in which the contraband was found; (4) the accused was in close proximity and had ready access to the contraband; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) contraband was found on the accused; (7) the defendant attempted to flee; (8) conduct by the accused indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the accused had a special connection or relationship to the contraband; (11) the place where the contraband was found was enclosed; (12) occupants of the automobile gave conflicting statements about relevant matters; and (13) affirmative statements connect the accused to the contraband, including incriminating statements made by

---

[114] Bates v. State, 155 S.W.3d 212, 216-17 (Tex. App.—Dallas 2004, no pet.). *citing Young v. State*, 752 S.W.2d 137, 140 (Tex.App.-Dallas 1988, pet. ref'd).
[115] *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995).
[116] *Davis v. State*, 93 S.W.3d 664, 667 (Tex.App.-Texarkana 2002, pet. ref'd).

the accused when arrested.[117] The number of factors present is not as important as the logical force or the degree to which the factors, alone or in combination, tend to affirmatively link the accused to the contraband.[118]

The State produced two witnesses in support of their theory that Appellant was in possession of a firearm. The first witness was Adam Crooks. Adam Crooks admitted to having been convicted of the following offenses[119]:

| | | |
|---|---|---|
| 2001 | Assault | Tarrant County, Texas |
| 2002 | Assault – Family Violence | Tarrant County, Texas |
| 2004 | Possession of a Controlled Substance | Potter County, Texas |
| 2004 | Possession of a Controlled Substance | Tarrant County, Texas |
| 2004 | Terroristic Threat | Tarrant County, Texas |
| 2006 | Possession of a Controlled Substance | Tarrant County, Texas |
| 2012 | Criminal Mischief $500 < $1,500 | Tarrant County, Texas |
| 2012 | Possession of a Controlled Substance | Tarrant County, Texas |
| 2012 | Bail Jumping | Tarrant County, Texas |
| 2015 | Possession of a Controlled Substance | Tarrant County, Texas |

Adam Crooks acknowledged that at the time of his testimony, he was serving a two year sentence resulting from a Tarrant County offense.[120] Adam Crooks further acknowledged that on the day of the incident, he was subject to certain parole

---

[117] *Dixon v. State*, 918 S.W.2d 678, 681 (Tex.App.-Beaumont 1996, no pet.); *Watson v. State*, 861 S.W.2d 410, 414-15 (Tex.App.-Beaumont 1993, pet. ref'd).
[118] *See Wallace v. State*, 932 S.W.2d 519, 524 (Tex.App.-Tyler 1995, pet. ref'd).
[119] 3 RR 91, ll. 11-
[120] 3 RR 93, l. 20 – 94, l. 4

Appellant's Brief                                                                                          Page 17

conditions including wearing of an ankle monitor which he had cut off[121] and that he really didn't want to go back to the penitentiary on that day.[122]

The State's only other witness who identifies Appellant as the person holding the firearm is Corporal Dacus. Corporal Dacus testified that when his vehicle collided with the Jeep Cherokee, he stepped out of his vehicle and recognized Crooks was a passenger and not driving at that point. Corporal Dacus also testified that he saw the driver pull the trigger on the black semiautomatic firearm and acknowledged that his written statement indicated that he saw the driver firing a black in color semiautomatic handgun out the driver window at Officer Ross.

The evidence directly contradicted Corporal Dacus's testimony and written statement establishing instead that (1) none of the ammunition in the vehicle showed any mark consistent with a misfire[123]; (2) there were no spent or fired rounds found in the Jeep Cherokee[124]; (3) there were no shots heard, other than those of Officer Ross, by any witness and none were audible on the in-car video presented to the jury[125]; and (4) the gun located inside the vehicle was primarily tan

---

[121] 3 RR 95, ll. 7-22
[122] 3 RR 95, l. 23 – 96, l. 1
[123] 4 RR 111, l. 25 – 112, l. 16, 220, ll. 18-25
[124] 4 RR 111, l. 25 – 112, l. 16
[125] 3 RR 241, ll. 14-25;

in color.[126] Further, the State's firearm expert testified that when subjected to tests, the ammunition found inside the gun located inside the Jeep Cherokee fired without fail and none of the submitted ammunition appeared to bear any indication of a misfire. In fact, Ranger Bradford testified, "[t]here's no evidence [Appellant] fired a weapon."[127]

All of Corporal Dacus's impressions regarding the firing of the firearm or attempted firing of the firearm and the person in possession of the firearm were formed within a short few seconds following a two county pursuit, and the Jeep Cherokee spinning out then colliding with Officer Dacus's vehicle. As Sergeant Yount testified "[Adam Crooks] is shorter from Mr. Auvenshine. Other than that, I can't say there's a whole lot of distinctive difference."[128] The attorney for the State even argued to the jury, "I would submit to you there's a striking resemblance between [Appellant] and Adam Gene Crooks".[129] During testimony Corporal Dacus, having been presented with the evidence in this case, admitted that he was wrong in his initial belief that a firearm had been fired at Officer Ross.[130] Corporal Dacus's testimony at the particular time in the course of events in which he

---

[126] *See* State's Exhibit Nos.40-42
[127] 4 RR 175, ll. 16-17
[128] 4 RR 53, ll. 19-23
[129] 5 RR 13, ll. 24-25
[130] 3 RR 240, ll. 2-21

identified the Appellant as the driver of the Jeep Cherokee has already been proven inaccurate.

Conversely, (1) members of the White Settlement Police department had been informed that Adam Crooks would be at a residence in White Settlement; (2) the Jeep Cherokee was located at the residence indicated; (3) Adam Crooks was an occupant of the Jeep Cherokee; (4) Adam Crooks was known to use methamphetamine; (5) Ranger Bradford testified that, in his opinion, Adam Crooks was under the influence of methamphetamine at the time of the incident; (6) a pipe, butane lighter and spoon symbolizing drug use was found inside the Jeep Cherokee; and (7) when the Jeep Cherokee drove past Officer Ross on a city street, prior to the initial attempt to stop the vehicle on a traffic violation, prior to any pursuit, prior to any perception by anyone that a firearm was present, Officer Ross positively identified the driver of the vehicle as Adam Crooks.

"[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction."[131]  Even when considered in the light most favorable to the verdict, the recorded evidence

---

[131] *Brooks v. State of Texas*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring).

would not allow a rational trier of fact to find that Appellant possessed the firearm found in the Jeep Cherokee with Adam Crooks.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the judgement be reversed.

Respectfully submitted,

Brandy Oliphint

Texas Bar No. 24034608
1712 Santa Fe Dr.
Weatherford, Texas 76086
Telephone: (817) 341-7471
Facsimile: (817) 599-5909
Electronic Mail: brandy@oliphintlaw.com

COUNSEL FOR APPELLANT
DEREK KYLE AUVENSHINE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded in accordance with Texas Rules of Appellate Procedure 6.3 and 9.5 on the 29th day of October, 2015 as indicated below:

*Via Personal Service*
Mr. Don Schnebly
Parker County District Attorney
District Courts Building, 2nd Floor
117 Fort Worth Hwy.
Weatherford, Texas 76086
Telephone: (817) 598-6124
Facsimile: (817) 599-7628

Brandy Oliphint
Attorney for Appellant, Derek Kyle Auvenshine

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Appellant, Derek Kyle Auvenshine, certifies that the word count of Appellant's Brief in Cause No. 07-15-00253-CR is less than 15,000 words and in compliance with Texas Rule of Appellate Procedure 9.4(i). Specifically, Appellant's Brief contained 4,621words.

Brandy Oliphint

# TAB A



CASE No. CR14-0088     COUNT

INCIDENT No./TRN: 9139375080

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 415TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| DEREK KYLE AUVENSHINE | § | PARKER COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX05827902 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | HON. DAVID CLEVELAND | Date Judgment Entered: **5/29/2015** |
| Attorney for State: | **DON SCHNEBLY / ABIGAIL PLACKE / ROBERT DUBOISE** | Attorney for Defendant: **RICK ALLEY / JAMES WILSON** |

Offense for which Defendant Convicted:

**UNLAWFUL POSSESSION OF A FIREARM BY A FELON**

| Charging Instrument: **INDICTMENT** | Statute for Offense: **46.04(a)(2) Penal Code** |
|---|---|

Date of Offense:
**1/14/2014**

| Degree of Offense: **3RD DEGREE FELONY** | Plea to Offense: **NOT GUILTY** |
|---|---|
| Verdict of Jury: **GUILTY** | Findings on Deadly Weapon: **N/A** |
| Plea to 1st Enhancement Paragraph: **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: **TRUE** |
| Findings on 1st Enhancement Paragraph: **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: **TRUE** |
| Punished Assessed by: **JURY** | Date Sentence Imposed: **5/29/2015** | Date Sentence to Commence: **5/29/2015** |

| Punishment and Place of Confinement: | **27 years INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: **$ N/A** | Court Costs: **$324.00** Restitution: **$ N/A** | Restitution Payable to: ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
|---|---|---|

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| Time Credited: | From **1/14/2014** to **5/29/2015** From to From to |
| | From to From to From to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS** NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Parker** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

111

# TAB B

Cause No. CR14-0088

THE STATE OF TEXAS    )(    IN THE 415th JUDICIAL

VS.    )(    DISTRICT COURT OF

DEREK KYLE AUVENSHINE    )(    PARKER COUNTY, TEXAS

RECEIVED AND FILED FOR RECORD
2015 MAY 29 PM 12: 16
SHARENA GILLILAND, DISTRICT CLERK
PARKER COUNTY, TEXAS
DEPUTY

## COURT'S CHARGE

MEMBERS OF THE JURY:

The defendant, Derek Kyle Auvenshine, stands charged by indictment with the offense of Unlawful Possession of Firearm by Felon, alleged to have been committed on or about the 14th day of January, 2014, in Parker County, Texas. The defendant has pleaded not guilty.

Our law provides that a person who has been convicted of a felony commits the offense of unlawful possession of a firearm if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later, or after such period, at any location other than the premises at which the person lives.

A "firearm" includes any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. A pistol is a firearm.

The term "possess" means actual care, custody, control, or management of property.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

1

101

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of January, 2014, in Parker County, Texas, the defendant, Derek Kyle Auvenshine, did then and there, having been convicted of the felony offense of Unauthorized Use of a Motor Vehicle on the 20th day of October, 2000, in cause number 13725 in the 43rd Judicial District Court of Parker County, Texas, intentionally or knowingly possess a firearm after the fifth anniversary of the defendant's release from incarceration following said felony at a location other than the premises at which the defendant lived, as alleged in the indictment, then you will find the defendant guilty as charged.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

2

102

In all criminal cases, the burden of proof is on the State, and the defendant is presumed to be innocent until the defendant's guilt is established by legal evidence beyond a reasonable doubt; and in case you have a reasonable doubt of the defendant's guilt, you will acquit the defendant and say by your verdict "Not Guilty".

You are instructed the grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution and is not evidence of guilt. The indictment shall not be considered by you in passing upon the innocence or guilt of the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined or indicted for, or otherwise charged with the offense, gives rise to no inference of guilt at his trial.

The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "not guilty".

3

103

During your deliberations in this case, you must not consider, discuss, or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

If the jury wishes to communicate with the Court, they shall so notify the bailiff in writing, who shall inform the Court thereof; and they may be brought before the Court, and through their presiding juror, shall state to the Court in writing what they desire to communicate.

After summation by counsel, you will retire and select one of your members as presiding juror. It is the duty of your presiding juror to preside at your deliberations and to vote with you in arriving at a verdict. Your verdict must be unanimous. After you have arrived at your verdict, you may use one of the forms attached hereto by having your presiding juror sign the particular form that conforms to your verdict. Your sole duty at this time is to determine the guilt or innocence of the defendant under indictment in this cause. You shall restrict your deliberations solely to the issue of guilt or innocence of the defendant.

_____
DAVID CLEVELAND, Presiding Judge
415th Judicial District Court
Parker County, Texas

4

104

## VERDICT FORMS

We, the jury, find the defendant, Derek Kyle Auvenshine, GUILTY of the offense of Unlawful Possession of Firearm by Felon, as charged in the indictment.

_____
PRESIDING JUROR

*Verdict accepted at 12:15 PM.*
*on may 29 2015*

-OR-

*David Clements*

We, the jury, find the defendant, Derek Kyle Auvenshine, NOT GUILTY of the offense of Unlawful Possession of Firearm by Felon, as charged in the indictment.

_____
PRESIDING JUROR

5

Cause No.CR14-0088



| THE STATE OF TEXAS | )( | IN THE 415th JUDICIAL |
| VS. | )( | DISTRICT COURT OF |
| DEREK KYLE AUVENSHINE | )( | PARKER COUNTY, TEXAS |

COURT'S CHARGE

MEMBERS OF THE JURY:

You have found the defendant, Derek Kyle Auvenshine, guilty of the offense of Unlawful Possession of a Firearm by a Felon, as charged in the indictment. It now becomes your duty to determine the punishment to be assessed against the defendant.

The indictment alleges the defendant has previously been finally convicted of the following felony offenses, to-wit:

Felony Enhancement 1 alleges the defendant, Derek Kyle Auvenshine, prior to the commission of the criminal offense being tried in this case, on August 21, 2009, in the District Court in and for Tulsa County, Oklahoma, in case number CF-08-5817, the said Derek Kyle Auvenshine was finally convicted of the felony offense of Distribution of Controlled Substance; and

Felony Enhancement 2 alleges the defendant, Derek Kyle Auvenshine, prior to the commission of the criminal offense being tried in this case, and prior to the conviction alleged in Felony Enhancement 1, on October 20, 2000, in the 43rd District Court, Parker County, Texas, in cause number 13474 the said Derek Kyle Auvenshine was finally convicted of the felony offense of Delivery of a Controlled Substance, namely Methamphetamine, of less than 4 grams but more than 1 gram.

1

106

The defendant has pleaded "true" to the allegations in Enhancement 1 and Enhancement 2; therefore, you are instructed to find the allegations in Enhancement 1 and Enhancement 2 true.

The punishment authorized for this offense is by confinement in the Texas Department of Criminal Justice—Institutional Division for Life, or for any term of not more than ninety-nine (99) years, or less than twenty-five (25) years.

In arriving at your verdict on the question of punishment, you may take into consideration all of the evidence submitted before you under this charge and the previous charge, wherein you found the defendant guilty. However, you are not to refer to or discuss any matters or issues not in evidence before you.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served, plus any good conduct time earned, equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

2

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

Evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case has been presented in the trial of this case. You cannot consider the testimony in this regard in determining the proper punishment for the offense for which you have found the defendant guilty or for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any.

You are instructed that your verdict must be unanimous and that you must not determine the defendant's punishment by drawing lots, or by adding the punishment each of you might think proper and dividing the result by twelve, or in any manner except by deliberation upon the law and evidence submitted to you.

3

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given you, and be governed thereby.

If the jury wishes to communicate with the Court they shall so notify the bailiff in writing, who shall inform the Court thereof; and they may be brought before the Court and through their presiding juror, shall state to the Court in writing what they desire to communicate.

When you have unanimously agreed upon a verdict, your presiding juror shall certify to your verdict by using the appropriate form attached hereto and signing the same as your presiding juror.

_____
DAVID CLEVELAND, Presiding Judge
415th Judicial District Court
Parker County, Texas

4

# VERDICT FORMS

We, the jury, having found the defendant, Derek Kyle Auvenshine, guilty of the offense of Unlawful Possession of a Firearm by a Felon, as charged in the indictment, and we further find the allegations in Enhancement 1 and Enhancement 2 are "true", now assess his punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for Life.

_____
PRESIDING JUROR

**-OR-**

We, the jury, having found the defendant, Derek Kyle Auvenshine, guilty of the offense of Unlawful Possession of a Firearm by a Felon, as charged in the indictment, and we further find the allegations in Enhancement 1 and Enhancement 2 are "true", now assess his punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a term of _____27_____ years (not more than 99 years and not less than 25 years).

_____
PRESIDING JUROR

Verdict accepted May 29, 2015
at 6:30 p.m.

David Cleveland

110

# TAB C

No. CR14-0088

The State of Texas Vs. **DEREK KYLE AUVENSHINE**

Charge: UNLAWFUL POSSESSION OF A FIREARM BY A FELON   COURT: 415TH DISTRICT

RECEIVED AND FILED
FOR RECORD
2014 FEB 20 PM 4: 35
PARKER LAND DISTRICT CLERK
PARKER COUNTY, TEXAS
BY_____ DEPUTY

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Parker, State of Texas, duly selected, impaneled, sworn, charged, and organized as such at the JANUARY Term A.D. 2014 of the 415TH Judicial District Court for said County, upon their oaths present in and to said court at said term that

**DEREK KYLE AUVENSHINE**

hereinafter styled Defendant, on or about the 14th day of January, 2014, and before the presentment of this indictment, in the County and State aforesaid,

did then and there, having been convicted of the felony offense of Unauthorized Use of a Motor Vehicle on the 20th day of October, 2000 in cause number 13725 in the 43rd Judicial District Court of Parker County, Texas, intentionally or knowingly possess a firearm after the fifth anniversary of the defendant release from incarceration following said felony at a location other than the premises at which the defendant lived,

~~FELONY ENHANCEMENT ONE~~

And it is further presented in and to said Court, that prior to the commission of the primary offense alleged in Paragraph One by the said Derek Kyle Auvenshine, on the 20th day of October, 2000 in the 43rd Judicial District Court, Parker County, Texas, Cause No. 13474, the said Derek Kyle Auvenshine was convicted of a felony, to-wit: Delivery of a Controlled Substance, and said conviction became final prior to the commission of the primary offense alleged in Paragraph One,

against the peace and dignity of the State.

_____
Foreman of the Grand Jury                    7

## FELONY ENHANCEMENT ONE

And it is further presented in and to said Court, that prior to the commission of the primary offense alleged in Paragraph One by the said Derek Kyle Auvenshine aka Derek Auvenshine, on the 21st day of August, 2009 in the District Court of the Fourteenth Judicial District of the State of Oklahoma sitting in and for Tulsa County, Cause No. CF-2008-5817 or CF-08-5817, the said Derek Kyle Auvenshine aka Derek Auvenshine was convicted of a felony, to-wit: Distribution of Controlled Substance, and said conviction became final prior to the commission of the primary offense alleged in Paragraph One,

## FELONY ENHANCEMENT TWO

And it is further presented in and to said Court, that prior to the commission of the primary offense alleged in Paragraph One and the offense set out in Enhancement One by the said Derek Kyle Auvenshine aka Derek Auvenshine, on the 20th day of October, 2000 in the 43rd Judicial District Court, Parker County, Texas, Cause No. 13474, the said Derek Kyle Auvenshine aka Derek Auvenshine was convicted of a felony, to-wit: Delivery of a Controlled Substance, namely Methamphetamine, of less than four grams but more than one gram, and said conviction became final prior to the commission of the primary offense in Paragraph one and Enhancement One,

8

# TAB D

| THE STATE OF TEXAS | § | IN THE 43ʳᵈ JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DEREK KYLE AUVENSHINE | § | PARKER COUNTY, TEXAS |
| "Defendant" | | |

**STATE'S MOTION FOR LEAVE TO AMEND INDICTMENT TO ALLEGE PRIOR CONVICTIONS TO ENHANCE PUNISHMENT PURSUANT TO TEXAS PENAL CODE §12.42**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, represented by her District Attorney and hereby requests leave to amend the indictment returned by the Grand Jury of Parker County, Texas in this cause to allege the following enhancements pursuant to Texas Penal Code §12.42:

I.

FELONY ENHANCEMENT 1

And it is further presented in and to said Court that prior to the commission of the primary offense listed in the indictment by the said Derek Kyle Auvenshine on August 21, 2009, in the District Court in and for Tulsa County, Oklahoma, in case number CF-08-5817, the said Derek Kyle Auvenenshine was finally convicted of the felony offense of Distribution of Controlled Substance

FELONY ENHANCEMENT 2

And it is further presented in and to said Court that prior to the commission of the primary offense listed in the indictment and Felony Enhancement 1 by the said Derek Kyle Auvenshine on October 20, 2000, in the 43ʳᵈ District Court of Parker County, Texas, in cause number 13474, the said Derek Kyle Auvenshine was finally convicted of the felony offense of Delivery of a Controlled Substance, Namely Methamphetamine, of less than 4 grams but more than 1 gram.

II.

The State further requests that the preceding Felony Enhancement paragraphs replace, for all purposes, *all* enhancements currently detailed in the Indictment in the

29

above referenced causes of action. In addition, the State requests this Court to Order the Clerk of the Court to cross out, on the face of the Indictment, the current language of "FELONY ENHANCEMENT ONE"

III.

The State further requests that this signed Motion and Order shall be attached to the indictment and shall be considered part of the indictment for all purposes as if incorporated therein verbatim. The State requests that the District Clerk be ordered to provide a copy of this signed Order and Indictment to defendant's attorney of record and shall make a docket entry reflecting the same.

Respectfully submitted,

_____
Abigail Placke
Assistant District Attorney
117 Fort Worth Hwy.
Weatherford, Texas 76086
P) 817-598-6124
F) 817-599-7628
SBN 24034629

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via email to the defendant's attorney, James Wilson and Rick Alley on 5-8-2015.

_____
Abigail Placke
Assistant District Attorney

30

RECEIVED AND FILED
FOR RECORD
2015 MAY -8 PM 1:35
SHARENA GILL
PARKER COUNTY DISTRICT CLERK
BY _____
DEPUTY

<u>CR14-0087, CR14-0088, CR14-0089, CR15-0236</u>

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 415th JUDICIAL** |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **DEREK KYLE AUVENSHINE** | § | **PARKER COUNTY, TEXAS** |
| **"Defendant"** | | |

## ORDER ON STATE'S MOTION FOR LEAVE TO AMEND INDICTMENT TO ALLEGE PRIOR CONVICTIONS TO ENHANCE PUNISHMENT PURSUANT TO TEXAS PENAL CODE §12.42

Having considered the State's Motion for Leave to Amend Indictment, the said Motion is hereby <u>granted</u> and IT IS ORDERED that this signed Motion and Order shall be attached to the indictment and shall be considered part of the indictment for all purposes as if incorporated therein verbatim.

IT IS FURTHER ORDERED that the District Clerk shall provide a copy of this signed Order and Indictment to defendant's attorney of record and shall make a docket entry reflecting the same and that the Clerk is to cross out, on the face of the Indictment, the current language of "FELONY ENHANCEMENT ONE" in each case.

Signed this the 8 day of May , 2015.

_____
Judge Presiding
415th Judicial District

31